STEVEN R. BRACKHAN, APPELLEE, V. CARRIE K. BRACKHAN,
APPELLEE, AND COUNTY OF YORK, NEBRASKA, APPELLANT.
524 N.W.2d 74

Filed November 8, 1994.    No. A-93-229.

Charles W. Campbell, York County Attorney, for appellant.

No appearance for appellee Steven R. Brackhan.

No appearance for appellee Carrie K. Brackhan.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

MUES, Judge.

The County of York, Nebraska (County), appeals from a decision by the district court for York County in which the County was taxed the fees and costs associated with the court appointment of a guardian ad litem in a dissolution proceeding. The County alleges that under Neb. Rev. Stat. § 42-358 (Cum. Supp. 1992), the court must find that the parties are indigent before requiring the County to pay the costs of a guardian ad litem. For the following reasons, we reverse, and remand for a determination of whether the parties were indigent.

## FACTS

A trial concerning the dissolution of the marriage of Steven R. and Carrie K. Brackhan was held July 22, 1992. Both parties sought custody of their minor daughter, Tesia Marie, born June 7, 1991. Upon the conclusion of the evidence, the court determined that the evidence was "conflicting and insufficient to determine custody upon the best interest of Tesia Marie

Brackhan." At that point, on August 26, 1992, the court appointed an attorney, Kevin Schlender, to investigate and report his findings to the court regarding custody of the child. Schlender filed his report on January 8, 1993, recommending custody be awarded to the child's father. On February 9, Schlender filed an application for guardian ad litem fees in the amount of $1,086.81. On February 17, the court issued a decree awarding custody of the child to Steven Brackhan.

A hearing was held on March 9 regarding the guardian ad litem's application for fees. The order of March 9 reflects that Steven Brackhan, his attorney, and the guardian ad litem were present. The application for fees had been served on the attorney for Carrie Brackhan and the York County Attorney by mail on February 9, but neither appeared at the March 9 hearing. The court found Schlender was entitled to fees and expenses, determined the fair and reasonable amount thereof, and ordered said amount to be paid by the County. The court further granted the County judgment against each of the parties to the dissolution action in an amount equal to one-half of the total amount ordered to be paid by the County. The record does not reflect any finding that the parties were indigent, nor does it reflect a request by either party to have the County pay the fees. The County appeals.

### ASSIGNMENT OF ERROR

The County alleges the district court erred in taxing the fees and expenses of the guardian ad litem to the County, without first finding that the parties to the dissolution action were indigent.

### STANDARD OF REVIEW

Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994); *Mackiewicz v. J.J. & Associates*, 245 Neb. 568, 514 N.W.2d 613 (1994); *Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994).

## ANALYSIS

We note initially that a brief on behalf of the appellees was not filed in this matter. In such event, Neb. Ct. R. of Prac. 10B (rev. 1992) provides that the appellant may proceed ex parte.

The County argues that pursuant to § 42-358(1), it may not be ordered to pay the fees and expenses of a guardian ad litem unless there is first a finding of indigence on the part of the party against whom such fees and expenses are taxed as costs. We recognize that although the County was not a party to the original dissolution action, this statute grants the County standing to appeal to this court an order requiring it to pay fees. See § 42-358(6).

Section 42-358, the statute authorizing the court to appoint a guardian ad litem, was amended in 1992 and became effective July 15, 1992. We observe that the amended version of this statute applies to the case at bar, as both the dissolution trial and the appointment of the guardian ad litem occurred subsequent to the effective date. Subsection (1) of this statute provides:

> The court may appoint an attorney to protect the interests of any minor children of the parties. Such attorney shall be empowered to make independent investigations and to cause witnesses to appear and testify on matters pertinent to the welfare of the children. The court shall by order fix the fee, including disbursements, for such attorney, *which amount shall be taxed as costs and paid by the parties as ordered. If the court finds that the party responsible is indigent, the court may order the county to pay the costs.*

(Emphasis supplied.)

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no construction is necessary or will be indulged to ascertain their meaning. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Rosse v. Rosse*, 244 Neb. 967, 510 N.W.2d 73 (1994); *State on behalf of Matchett v. Dunkle*, 244 Neb. 639, 508 N.W.2d 580 (1993). The language of § 42-358 is plain, direct, and unambiguous, and no interpretation is needed to ascertain its meaning. The statute states that the fees and disbursements of an attorney appointed

in the circumstances of this case "shall" be taxed as costs and paid by the parties as ordered. Generally, the word "shall" is considered mandatory, and inconsistent with the idea of discretion. *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985). The statute clearly provides that the County "may" be ordered to pay the amount so taxed, but only "[i]f the court finds that the party responsible is indigent."

Although the record discloses that Schlender served a copy of his application for fees upon the York County Attorney by mail on February 9, 1993, that application makes no reference to the indigence of either of the parties to the divorce proceeding and provides no notice to the County that an order was being sought requiring the County to pay any portion of the fees and disbursements of the guardian ad litem. Neither of the parties to the dissolution proceeding had filed any request that such fees be taxed to the County. Indeed, the record discloses no notice whatsoever to the County that a hearing was scheduled to be held on the application on March 9. Neither the County nor the mother appeared or was represented at the March 9 hearing. No formal offer of evidence was made by those in attendance, i.e., the guardian ad litem, the father, and the father's attorney. Schlender merely submitted the issue "on the application," which contained an itemization of fees and disbursements. Although the father's counsel requested that the court "take note" of his client's financial problems in determining the division of the fees, no suggestion was made of indigence on the part of either of the parties to the dissolution proceeding, no objection was made to the application, and no request was made that the County be ordered to pay the amount so determined and taxed as costs. No finding of indigence was made by the trial court. Indeed, the court's granting of a judgment in favor of the County and against each of the parties for one-half of said fees suggests a contrary finding.

We believe the order of the district court requiring the County to pay the fees of Schlender was error under the circumstances presented. First, the County was given no notice of the hearing on the application in this case and no notice that the indigence of either of the parties was at issue. Fundamental principles of due process required such notice. Schlender's

sending the county attorney a copy of his application, although certainly necessary, was inadequate to advise the County of whether indigence was an issue and, if so, when any hearing was to be held on the application. In the case before us, neither the guardian ad litem nor the parties themselves raised the issue of indigence. However, whether indigence was put in issue by the guardian ad litem, by the parties, or by the court itself, the County must be given adequate notice and an opportunity to be heard in opposition to such issue. In the absence of such notice, the order of the court that the County pay the fees and disbursements of the guardian ad litem pursuant to § 42-358(1) was erroneous.

Second, and of equal import, a finding of indigence is a prerequisite to an order entered pursuant to § 42-358 requiring the County to pay the costs which have been fixed, taxed, and ordered to be paid by the parties. No such finding appears on the record in this case.

## CONCLUSION

The language of § 42-358(1) requires that the fees and disbursements of an attorney appointed thereunder shall be fixed by the court and taxed as costs and paid by the parties as ordered. The County may be ordered to pay the amount so taxed as costs only upon a finding that the responsible party is indigent. The County is entitled to notice if the indigence of either party is at issue with regard to the payment of such costs and to an opportunity to be heard on said issue with adequate notice of the hearing thereon. It was error for the court to order the County to pay the costs of the guardian ad litem fees and disbursements without adequate notice and opportunity to be heard and without a finding that the responsible parties were indigent. We reverse the district court's March 9, 1993, order to the extent that it requires the County to pay the fees and expenses of Schlender and grants judgment in favor of the County against the father and the mother. We do so without prejudice to the district court's entering an order, after notice and hearing, taxing the fees and expenses to the parties as costs to be paid by the parties or, if the parties responsible are found indigent, to order the County to pay such costs.

REVERSED AND REMANDED.