THOMAS S. MITCHELL, JR., APPELLEE, V.
NIKKI A. FRENCH, APPELLEE, AND
COUNTY OF DOUGLAS, NEBRASKA, APPELLANT.
676 N.W.2d 361

Filed March 26, 2004. No. S-02-738.

James S. Jansen, Douglas County Attorney, and Bernard J. Monbouquette for appellant.

Thomas K. Harmon, of Respeliers & Harmon, P.C., for guardian ad litem.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

The issue presented in this case is whether the district court erred under Neb. Rev. Stat. § 42-358(1) (Cum. Supp. 2002) when it ordered Douglas County to pay a portion of the guardian ad litem fees on behalf of one of the parties to the action without finding that the party was indigent. We hold that it was error and reverse, and remand with directions.

## BACKGROUND

On December 28, 2000, Thomas S. Mitchell, Jr., initiated this action in the district court for Douglas County against Nikki A. French. Mitchell's operative petition alleged that he was the father of two minor children born to French and sought a judgment of paternity and custody of the children. French filed a cross-petition in which she also alleged that Mitchell was the father of the two children. French sought custody of the children and child support from Mitchell.

During the course of the action, a guardian ad litem (GAL) was appointed for the children. At the conclusion of the action, the GAL applied for an award of her fees. The district court awarded the GAL $1,536, to be assessed equally between Mitchell and French. The court also found that French was indigent and ordered the county to pay French's half of the GAL fees. The county does not take exception to this order.

The court later held a hearing with regard to Mitchell's half of the GAL fees. No evidence was received at the hearing. Mitchell did not appear personally at the hearing, but was represented by his attorney. His attorney told the court that he had been told by Mitchell's parents that Mitchell had been unemployed for several months, lived with his parents, was struggling with alcohol and drug issues, and was receiving counseling for those problems. Mitchell's attorney also told the court "with a certain degree of confidence that the original affidavit

on file in this case regarding [Mitchell's] income is no longer correct." That affidavit, filed approximately 16 months prior to the GAL fees hearing, indicated Mitchell's monthly net income was $1,859.17.

At the conclusion of the hearing, the court stated, "I won't find that [Mitchell is] indigent." Nonetheless, the court ordered the county to pay Mitchell's half of the GAL fees because Mitchell "is unable to make payments towards the Guardian ad Litem's fee at this time." The court further ordered Mitchell to reimburse the county the same amount. The county appeals, and we moved the case to our docket.

### ASSIGNMENT OF ERROR

The county assigns that the district court erred in ordering it to pay Mitchell's half of the GAL fees without finding that Mitchell was indigent.

### STANDARD OF REVIEW

■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn., ante* p. 158, 673 N.W.2d 15 (2004).

### ANALYSIS

In their arguments to this court, the county and the GAL assume that § 42-358(1) is the controlling statute in this case. It authorizes a court to appoint an attorney or a GAL to protect the interests of minor children. See, *id.; Mathews v. Mathews, ante* p. 604, 676 N.W.2d 42 (2004). It further allows the attorney or GAL to recover his or her fees, specifically providing in part: "The court shall by order fix the fee, including disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered. If the court finds that the party responsible is indigent, the court may order the county to pay the costs." § 42-358(1); *Mathews v. Mathews, supra.*

We agree that § 42-358(1) controls. Mitchell's operative petition was filed pursuant to Nebraska's paternity statutes at Neb. Rev. Stat. ch. 43, art. 14 (Reissue 1998 & Cum. Supp. 2002). None of those statutes expressly authorize the appointment of a

GAL. However, this action also involved child custody and child support issues. In fact, the pleadings in this case indicate that paternity was not disputed and that custody and child support were the only controverted issues. Therefore, the provisions commonly applied in dissolution actions were applicable here as well. See, *Cox v. Hendricks*, 208 Neb. 23, 302 N.W.2d 35 (1981) (standards set out in Neb. Rev. Stat. § 42-364 (Reissue 1978) were applicable in custody dispute that began as paternity action); *State ex rel. Ross v. Jacobs*, 222 Neb. 380, 383 N.W.2d 791 (1986); *Riederer v. Siciunas*, 193 Neb. 580, 228 N.W.2d 283 (1975). Included among them was § 42-358.

The issue presented in this case was decided by the Nebraska Court of Appeals in *Brackhan v. Brackhan*, 3 Neb. App. 143, 524 N.W.2d 74 (1994). In that case, York County was ordered to pay GAL fees in a dissolution action despite the fact that neither party was found to be indigent. The Court of Appeals reversed the order of the district court for two reasons. First, the court determined that York County did not have notice of any hearing on the GAL's application for fees and had no notice that the indigence of either party was at issue. In this case, the county does not contend that it was deprived of such notice.

The second reason for the Court of Appeals' reversal, a reason "of equal import" to the first, was that "a finding of indigence is a prerequisite to an order entered pursuant to § 42-358 requiring the County to pay the costs which have been fixed, taxed, and ordered to be paid by the parties." *Brackhan v. Brackhan*, 3 Neb. App. at 147, 524 N.W.2d at 77.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn., ante* p. 158, 673 N.W.2d 15 (2004). As the Court of Appeals recognized in *Brackhan*, § 42-358 requires no interpretation. It plainly allows for payment of GAL fees by a county only if a court finds that the party responsible is indigent. In this case, the district court expressly declined to find that Mitchell was indigent. Thus, the court erred in ordering the county to pay Mitchell's half of the GAL fees.

The GAL argues that the district court effectively found Mitchell was indigent when it stated that Mitchell "is unable to make payments towards the Guardian ad Litem's fee at this time." The GAL interprets this language to be the equivalent of a finding of indigency. We disagree without even needing to resort to the definition of indigency announced in a recent Supreme Court opinion. See *Mathews v. Mathews, ante* p. 604, 676 N.W.2d 42 (2004) (holding that person is indigent under § 42-358 if he or she is unable to pay GAL or attorney fees without prejudicing, in meaningful way, his or her financial ability to provide necessities of life). The district court's statement not only contradicts its explicit refusal to find Mitchell indigent, it is also unsupported by any evidence in the record. Mitchell's attorney, in unsworn statements to the court, shared his view of Mitchell's situation as related to him by Mitchell's parents. He told the court that Mitchell was unemployed and no longer had a monthly net income of $1,859.17, as an affidavit filed earlier in the action indicated. Even if we were to accept the GAL's interpretation of the district court's statement and conclude that the court effectively found Mitchell was indigent, the unsworn statements by Mitchell's attorney are insufficient to support such a finding.

## CONCLUSION

The district court erred in ordering the county to pay Mitchell's half of the GAL fees because it did not first find that Mitchell was indigent. We reverse the order of the district court and remand the cause with directions to vacate its order requiring the county to pay Mitchell's half of the GAL fees.

REVERSED AND REMANDED WITH DIRECTIONS.