BRIAN MOGENSEN, DOING BUSINESS AS PREMIUM FARMS,
APPELLANT, V. BOARD OF SUPERVISORS,
ANTELOPE COUNTY, NEBRASKA, APPELLEE.

679 N.W.2d 413

Filed May 21, 2004.   No. S-02-1408.

Rodney M. Confer and Joseph A. Wilkins, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellant.

Michael L. Long, Antelope County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This case requires us to decide what is the proper procedure to appeal a county board of supervisors' decision to deny a conditional use permit. Brian Mogensen, doing business as Premium Farms, appeals the dismissal of his petition in error. Mogensen sought to appeal the denial of a conditional use permit by the Antelope County Board of Supervisors (Board of Supervisors). We determine that the district court lacked jurisdiction to hear the petition in error because Mogensen failed to appeal to the Antelope County Board of Adjustment (Board of Adjustment) as required by Neb. Rev. Stat. §§ 23-168.01 to 23-168.04 (Reissue 1997). Accordingly, we dismiss the appeal.

## BACKGROUND

Mogensen applied for a conditional use permit to apply nutrients from gray water at a hog confinement lagoon through irrigation pivots or trucks. The Antelope County Planning Commission voted to recommend to the Board of Supervisors that a conditional use permit be granted. The recommendation included conditions about the location Mogensen could pump, a requirement that pumping occur only during the growing season, and a requirement that a neighbor be contacted when there was a south wind, to determine if pumping could be done.

The Board of Supervisors held public hearings on May 7 and 15, 2002. Minutes from the second hearing state that there was discussion on (1) chiseling in the nutrients, spreading them on the ground, and dispersing them through a pivot; (2) untimely waste dispersion by Mogensen during the off season; and (3) downsizing the hog operation. Without stating its reasons, the Board of Supervisors denied the permit. On June 4, the Board of Supervisors clarified its decision denying the permit, stating that it was " 'due to concern of citizens within the set backs.' "

Mogensen filed a petition in error in the district court, assigning five errors. He later dismissed all assigned errors except one. He alleged that the Board of Supervisors, by failing to state reasons for disapproving the permit, violated the Antelope County zoning regulations and acted arbitrarily in denying the permit.

The district court stated that there appeared to be two ways to appeal the ruling of the Board of Supervisors: by petition in

error and by appealing to the Board of Adjustment. The court addressed the matter under the petition in error statute, Neb. Rev. Stat. § 25-1901 (Cum. Supp. 2002). The court determined that Mogensen failed to show that the Board of Supervisors' decision was not supported by relevant evidence. Thus, the court dismissed the petition in error. Mogensen appeals.

## ASSIGNMENTS OF ERROR

Mogensen assigns that the district court erred by failing to reverse the denial of the permit because (1) the Board of Supervisors failed to provide an equitable process to obtain a permit under Neb. Rev. Stat. § 23-114.01 (Reissue 1997) and (2) there was no evidence to support a rational basis to deny the permit.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is a matter of law. *Loontjer v. Robinson*, 266 Neb. 902, 670 N.W.2d 301 (2003).

■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Mitchell v. French*, 267 Neb. 656, 676 N.W.2d 361 (2004).

## ANALYSIS

First we address what is the proper procedure to appeal a denial of a conditional use permit by a board of supervisors. Here, Mogensen filed a petition in error with the district court. The parties, however, do not discuss the procedural issue in their briefs. The court noted that §§ 23-168.01 to 23-168.04 also provide a method for appeal. Thus, the question is whether Mogensen, by filing a petition in error, properly perfected an appeal. If a petition in error is not the proper procedure for appealing the Board of Supervisors' decision, then the court lacked jurisdiction.

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004). When lack of jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of a reviewing court

to raise and determine the issue of jurisdiction sua sponte. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

Because of the procedural tension, we must interpret a series of statutes. The petition in error statute states that a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court." § 25-1901. But § 23-168.02 states in part:

> (1) An appeal to the board of adjustment may be taken by any person or persons aggrieved, or by any officer, department, board, or bureau of the county affected by any decision of an administrative officer or planning commission. Such appeal shall be taken within a reasonable time, as provided by the rules of the board of adjustment, by filing with the board a notice of appeal specifying the grounds thereof. The officer or agency from whom the appeal is taken shall transmit to the board of adjustment all the papers constituting the record upon which the action appealed from was taken.

In addition, § 23-168.03 provides:

> The board of adjustment shall, subject to such appropriate conditions and safeguards as may be established by the county board, have only the following powers:
>
> (1) To hear and decide appeals where it is alleged by the appellant that there is an error in any order, requirement, decision, or refusal made by an administrative official or agency based on or made in the enforcement of any zoning regulation or any regulation relating to the location or soundness of structures[.]

Finally, § 23-168.04 states in part:

> Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the county, may present to the district court for the county a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality.

Section 23-168.03(1) gives a board of adjustment the power to hear appeals of any "order, requirement, decision, or refusal made by an administrative official or agency based on or made in the enforcement of any zoning regulation." Thus, we must

determine whether the Board of Supervisors is an "administrative official or agency."

We have stated that an administrative agency is "a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking." *State ex rel. Stenberg v. Murphy*, 247 Neb. 358, 366, 527 N.W.2d 185, 193 (1995). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003). But when a statutory term is reasonably considered ambiguous, a court may examine the legislative history of the act in question to ascertain the intent of the Legislature. *Sydow v. City of Grand Island*, 263 Neb. 389, 639 N.W.2d 913 (2002). Here, however, the statutes do not define whether the Board of Supervisors is an agency.

The Nebraska Court of Appeals recently examined legislative history in determining whether an appeal could be taken to a board of adjustment from a board of supervisors' decision. *Niewohner v. Antelope Cty. Bd. of Adjustment*, 12 Neb. App. 132, 668 N.W.2d 258 (2003). In *Niewohner*, the board of supervisors denied a conditional use permit which was then appealed to the board of adjustment. The board of adjustment determined that it lacked jurisdiction over the appeal. The district court affirmed, and the Court of Appeals reversed, holding that the district court had jurisdiction.

Referring to §§ 23-168.01 to 23-168.04 along with the county zoning regulations that were virtually identical to § 23-168.03, the Court of Appeals determined that the board of adjustment had jurisdiction over the appeal. The Court of Appeals relied heavily on legislative history showing that the Legislature intended the board of adjustment to be the quasi-judicial authority that would review appeals from the board of supervisors.

For example, when introducing the bill, Senator Doug Bereuter stated:

> "The [County Board of Supervisors] implements any regulations [it] might have enacted through the building inspector. . . . If [the building inspector] denies [a building permit,] the citizen can take an appeal to the Zoning Board of Adjustment. . . . [T]he appeal provisions beyond [the Zoning

Board of Adjustment are] to the district court and on up the court system."

*Niewohner*, 12 Neb. App. at 136, 668 N.W.2d at 262 (quoting Committee on Government, Military, and Veterans' Affairs, L.B. 186, 85th Leg., 1st Sess. (Feb. 18, 1977)). Senator Bereuter then stated:

"[T]he Zoning Board of Adjustment . . . is a judicial or quasi judicial body and can do only three things under the existing state law. One, it can interpret boundaries of districts; two, it can grant variances under various specific conditions which are very closely delineated by law, wherefore unusual conditions like topography or the shape of a lot, a strict application of the rules wouldn't permit any kind of construction on that lot. In those cases[,] the variance can be granted. The Zoning Board of Adjustment is the only body that can grant such variance[.] The third area . . . is . . . [the Zoning Board of Adjustment] serves as an appeal mechanism when the citizen feels that the building inspector or the governing body didn't follow their own regulations or perhaps discriminated unfairly against that citizen."

*Niewohner*, 12 Neb. App. at 137, 668 N.W.2d at 262. Senator Bereuter further commented that under the proposed statutory provisions,

"the County [Supervisors] may not appoint themselves to the Zoning Board of Adjustment. . . . The reason I feel strongly about this matter is that the Zoning Board of Adjustment is the quasi judicial body. It does serve as an avenue of appeal for the decisions of the [County Board of Supervisors] or the building inspector. Therefore, if you have one of the County [Supervisors] sitting on the [Board of Adjustment] he in fact is ruling on the appeal of a decision he might have made himself. Or certainly his body made."

*Id.* at 137, 668 N.W.2d at 263.

Considering the statutory provisions, zoning regulations, and the legislative history, the Court of Appeals determined that the board of supervisors was an administrative agency and that the Legislature intended appeals from the board of supervisors to be taken to the board of adjustment. The court found particularly persuasive the concern that a member of the board of supervisors

could not simultaneously serve on the board of adjustment because he or she could face the problem of ruling on the appeal of a decision he or she might have made. Accordingly, the Court of Appeals reversed, and remanded. A petition for further review was not filed in the case.

We agree with the Court of Appeals that an appeal may be taken from a board of supervisors. A question remains, however, whether the procedure in §§ 23-168.01 to 23-168.04 forecloses the ability to appeal through a petition in error under § 25-1901. We determine that it does.

The petition in error statutes allow a judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions to be reversed, vacated, or modified by the district court. Further, a court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *In re Estate of Eickmeyer*, 262 Neb. 17, 628 N.W.2d 246 (2001). If a conflict exists between two statutes on the same subject matter, the special provisions of a statute prevail over the general provisions in the same or other statutes. *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998).

Here, the Legislature considered the Board of Supervisors to be an administrative agency and the Board of Adjustment as a body that performs judicial or quasi-judicial functions. Thus, by adopting a specific method for appeal, the Legislature provided for an appeal specifically outside of the petition in error. Accordingly, we determine that an appeal from a board of supervisors denying a conditional use permit is to be taken in accordance with §§ 23-168.01 to 23-168.04 and not by a petition in error.

## CONCLUSION

We conclude that Mogensen should have filed an appeal with the Board of Adjustment. The district court lacked jurisdiction to hear his appeal on a petition in error. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

STEPHAN, J., not participating.