MAX GABEL AND ROSALIE GABEL, APPELLANTS,
v. POLK COUNTY, NEBRASKA, BOARD OF
COMMISSIONERS ET AL., APPELLEES.

695 N.W.2d 433

Filed April 28, 2005.   No. S-04-488.

Bruce E. Stephens, of Stephens & Sutter, for appellants.

Ronald E. Colling, Polk County Attorney, for appellee Polk County, Nebraska, Board of Commissioners.

Kent E. Rauert, of Svehla, Barrows, Thomas & Rauert, P.C., for appellees Pat Gabel and Brian Gabel.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Max Gabel and Rosalie Gabel filed a petition in error challenging a conditional use permit granted to Pat Gabel and Brian Gabel by the Polk County Board of Commissioners. The petition in error named the board of commissioners, the Polk County Planning Commission, and Pat and Brian as defendants (collectively the appellees). Under *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004), the proper procedure to challenge the board of commissioners' decision was to appeal to the Polk County Board of Adjustment rather than by filing a petition in error in district court. Thus, the district court lacked jurisdiction. Consequently, we also lack jurisdiction and therefore dismiss Max and Rosalie's appeal.

## BACKGROUND

In September 2001, the Polk County Board of Commissioners voted to approve a conditional use permit that allowed Pat and Brian to operate an intensive livestock confinement facility. Max and Rosalie did not appeal the decision to the Polk County Board of Adjustment. Instead, they filed a petition in error challenging the conditional use permit.

The appellees then entered special appearances, arguing that the court lacked jurisdiction because they had not been properly served. The court agreed and sustained the special appearances.

Max and Rosalie then appealed. In a memorandum opinion filed on January 14, 2005, this court noted that an order sustaining a special appearance is not a final, appealable order unless the plaintiff elects to stand on it and bring about a dismissal. See *Busboom v. Gregory*, 179 Neb. 254, 137 N.W.2d 825 (1965). Because Max and Rosalie had not stood on the order sustaining the special appearances, we dismissed their appeal for lack of jurisdiction.

After we dismissed Max and Rosalie's appeal, they stood on the order sustaining the special appearances and brought about a dismissal of the case. They appeal from that order of dismissal.

## ASSIGNMENTS OF ERROR

Max and Rosalie assign, restated and consolidated, that the district court erred in sustaining the appellees' special appearances and dismissing the case.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues. *Mogensen v. Board of Supervisors, supra.*

■ In *Mogensen*, the Antelope County Board of Supervisors denied appellant a conditional use permit. After the denial, he filed a petition in error in district court challenging the decision. On appeal, we first noted that under Neb. Rev. Stat. §§ 23-168.01 to 23-168.04 (Reissue 1997), when a county board of supervisors or board of commissioners makes a zoning decision, a party adversely affected by the decision may appeal to the county board of adjustment. We went on to hold that this procedure outlined in §§ 23-168.01 to 23-168.04 forecloses the ability to appeal the zoning decision by petition in error. Thus, the district court had no jurisdiction to entertain the petition in error.

This case is identical in all relevant respects to *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004). The Polk County Board of Commissioners made a zoning decision adverse to Max and Rosalie. Under §§ 23-168.01 to 23-168.04 and our decision in *Mogensen*, their remedy was to appeal the board of commissioners' decision to the Polk County Board of Adjustment, rather than to file a petition in error in district court. As a result, the district court lacked jurisdiction over the error proceedings.

Because the district court lacked jurisdiction, we also lack jurisdiction. See *Mogensen v. Board of Supervisors, supra.* Accordingly, we dismiss Max and Rosalie's appeal.

APPEAL DISMISSED.