Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/18/2017 09:09 AM CDT

Elizabeth A. White, appellee, v. James F.
White and James McGough, appellees,
and Douglas County, Nebraska,
intervenor-appellant.
___ N.W.2d ___

Filed May 26, 2017.    No. S-16-865.

1.  **Statutes: Appeal and Error.** Statutory interpretation presents a question
    of law. When reviewing questions of law, an appellate court has an obli-
    gation to resolve the questions independently of the conclusion reached
    by the trial court.
2.  **Attorney Fees: Appeal and Error.** A party may recover attorney fees
    and expenses in a civil action only when a statute permits recovery or
    when the Nebraska Supreme Court has recognized and accepted a uni-
    form course of procedure for allowing attorney fees.
3.  **Courts: Attorney Fees.** Courts have the inherent power to award attor-
    ney fees in certain unusual circumstances amounting to conduct during
    the course of litigation which is vexatious, unfounded, and dilatory, such
    that it amounts to bad faith.
4.  **Judgments: Political Subdivisions.** Special considerations apply to
    court-ordered expenditures of public funds.
5.  **Political Subdivisions: Counties: Legislature.** A county is a politi-
    cal subdivision of the state and has only that power delegated to it by
    the Legislature.
6.  **Political Subdivisions: Counties.** Any grant of power to a political
    subdivision is to be strictly construed, and any reasonable doubt of the
    existence of a power is to be resolved against the county.
7.  **Public Purpose: Legislature: Words and Phrases.** What constitutes
    a public purpose, as opposed to a private purpose, is primarily for the
    Legislature to determine.
8.  **Divorce: Minors: Attorneys at Law: Parties: Public Purpose:
    Legislature.** Through Neb. Rev. Stat. § 42-358(1) (Reissue 2016), the
    Legislature has determined that the work of an attorney appointed to

represent the interests of the minor children in a dissolution action is for a public purpose only when a responsible party to the dissolution is indigent.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Reversed and remanded with directions.

Donald W. Kleine, Douglas County Attorney, Meghan M. Bothe, and Kristin M. Lynch for intervenor-appellant.

James McGough, of McGough Law, P.C., L.L.O., guardian ad litem.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Wright, J.

## NATURE OF CASE

Intervenor-appellant, Douglas County, Nebraska, claimed the district court lacked the power to order Douglas County to reimburse an attorney for his time defending an appeal by Douglas County. In its appeal, Douglas County successfully challenged the district court's order that required it to pay the appointed attorney's costs in the underlying divorce. In that appeal, we concluded the district court abused its discretion in ordering payment pursuant to Neb. Rev. Stat. § 42-358 (Reissue 2016), because the spouse who was responsible for the payment of the appointed attorney's fees was not indigent. Upon remand, the district court ordered Douglas County to pay attorney fees for the attorney's time in defending the above appeal by Douglas County. In awarding the attorney fees, the district court relied upon Neb. Ct. R. App. P. § 2-109(F) (rev. 2014), which provides in part: "A court-appointed attorney *in a criminal case*, appealed to the Supreme Court or the Court of Appeals, may, after issuance of a mandate by the appellate court, apply to the appointing court for an attorney fee

regarding services in the appeal." (Emphasis supplied.) We reverse, and remand with directions.

## BACKGROUND

In July 2012, Elizabeth A. White (White) filed a complaint against James F. White for dissolution of marriage. The district court appointed James McGough as an attorney for the couple's minor children. In a supplemental temporary order pending trial, the court discharged McGough.

In February 2014, the district court ordered that White and her husband each individually pay $2,073.12 in fees to McGough. In April 2014, the court entered the decree of dissolution. Not having been paid by White, McGough filed a motion for contempt, alleging that White had not paid any of the fees she owed to him under the February order.

White filed for bankruptcy, and McGough was notified and listed as a creditor in White's bankruptcy proceedings. McGough did not intervene in the bankruptcy proceedings. Instead, McGough filed another motion for attorney fees in the district court, this time requesting that the district court find White indigent and order Douglas County to pay the fees, pursuant to § 42-358(1).

The court stayed the hearing on McGough's motion until the conclusion of the bankruptcy proceedings. Eventually, White's debts, including the debt to McGough, were discharged. The district court resumed proceedings on McGough's motion for attorney fees. It found that White was indigent and ordered Douglas County to pay McGough's fees, which White had been ordered to pay in the divorce action.

Douglas County, as intervenor and appellant, appealed to this court the district court's order that it pay McGough's fees.[1] No briefs were filed in the appeal by White, her husband, or the minor children. McGough filed a brief as appellee, arguing that the district court was correct in determining White was indigent.

---

[1] *White v. White*, 293 Neb. 439, 884 N.W.2d 1 (2016).

We held that the district court had abused its discretion in finding White indigent. Accordingly, we reversed the court's order requiring Douglas County to pay McGough's fees.[2]

Approximately 3 weeks after the mandate was received by the district court, McGough moved the court to require Douglas County to pay $1,719.87 in attorney fees for McGough's expenses and time spent defending Douglas County's appeal in *White v. White*.[3] The court sustained the motion and ordered Douglas County to pay McGough $1,719.87 for the costs and fees incurred during the appeal.

The court reasoned that the fees incurred for the time spent defending the appeal were distinct from the fees subject to our opinion in *White*. Operating under the erroneous assumption that McGough had not yet been removed as a court-appointed attorney for the children at the time of the appeal in *White*, the district court reasoned that McGough's involvement as appellee was required under his appointment as an attorney for the children. The court concluded that reimbursement was sufficiently encompassed by the last sentence of § 2-109(F): "A court-appointed attorney in a criminal case, appealed to the Supreme Court or the Court of Appeals, may, after issuance of a mandate by the appellate court, apply to the appointing court for an attorney fee regarding services in the appeal."

The court's order directing Douglas County to pay McGough's costs and fees for his appellate work in *White* is the subject of the current appeal.

## ASSIGNMENTS OF ERROR

Douglas County assigns that the district court erred in ordering it to pay McGough for his costs and fees incurred during the appeal in *White* because (1) McGough failed to file a timely motion for such fees with the Supreme Court

---

[2] *Id.*

[3] *Id.*

clerk pursuant to § 2-109(F), (2) there is no statutory basis for awarding such reimbursement, and (3) awarding such reimbursement is contrary to the law of the case.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[4]

## ANALYSIS

The issue presented is whether the district court had the authority to order Douglas County to reimburse McGough for the time and expense in Douglas County's appeal in *White*.[5]

The husband, wife, and minor children in the underlying dissolution action had no interest in the appeal in *White*, and they likewise have no interest in the present appeal. In *Brackhan v. Brackhan*,[6] we recognized that under § 42-358(6), a county ordered to pay fees for an appointed attorney in a dissolution action has standing to appeal such order. Section 42-358(6) states that "[a]ny person aggrieved by a determination of the court may appeal such decision to the Court of Appeals." Such appeals are to be docketed separately with the aggrieved persons listed as intervenors.[7]

Douglas County asserts several arguments why the district court erred in ordering that it pay McGough's appellate fees. Arguably the most fundamental of these is its argument that when neither party to a dissolution action is indigent, there is no statute that permits a district court to order the county to expend public funds to reimburse an appointed attorney for his

---

[4] *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004).

[5] *White v. White, supra* note 1.

[6] *Brackhan v. Brackhan*, 3 Neb. App. 143, 524 N.W.2d 74 (1994).

[7] See *In re Interest of Antone C. et al.*, 12 Neb. App. 152, 669 N.W.2d 69 (2003).

time or expenses. Douglas County points out that as a statutory entity, it has no power to pay such costs absent a statute so providing. We agree.

[2,3] A party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees.[8] Courts additionally have the inherent power to award attorney fees in certain unusual circumstances amounting to conduct during the course of litigation which is vexatious, unfounded, and dilatory, such that it amounts to bad faith.[9]

Neb. Rev. Stat. § 42-351(1) (Reissue 2016) provides that a court in a domestic relations action may award costs and attorney fees, and we have also said that a uniform course of procedure exists in Nebraska for the award of attorney fees in dissolution cases.[10] We have never addressed whether this power extends to appellate fees, which would normally be awarded by the appellate court. At issue is the district court's authority in a dissolution action to order the county to reimburse out of public funds an appointed attorney's fees and expenses.

[4-6] Special considerations apply to court-ordered expenditures of public funds. A county is a political subdivision of the state and has only that power delegated to it by the Legislature.[11] Any grant of power to a political subdivision is to be strictly construed, and any reasonable doubt of the existence of a power is to be resolved against the county.[12]

---

[8] *Wetovick v. County of Nance*, 279 Neb. 773, 782 N.W.2d 298 (2010).

[9] See, *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994); *State Farm Mut. Auto Ins. Co. v. Royal Ins. Co.*, 222 Neb. 13, 382 N.W.2d 2 (1986).

[10] *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014).

[11] *Guenzel-Handlos v. County of Lancaster*, 265 Neb. 125, 655 N.W.2d 384 (2003).

[12] *Id.*

[7] What constitutes a public purpose, as opposed to a private purpose, is primarily for the Legislature to determine.[13] Accordingly, in *Guenzel-Handlos v. County of Lancaster*,[14] we held that any rules governing whether the county should expend public funds reimbursing a county official who is not indigent for defense costs in a criminal action should be established by the Legislature, not by the courts.

The only exception to this rule is found in *Kovarik v. County of Banner*.[15] In *Kovarik*, we held that the judiciary could, in its inherent authority, order the county to reimburse attorney fees in matters "so fundamental as the indigent's right to appointed counsel in criminal matters."[16] We explained that such fundamental matters included fees incurred in a misdemeanor prosecution by the county, if it could result in imprisonment.[17] We reasoned that the county's authority to pay the fees in such cases derives from its duty to pay the expenses of the local administration of justice within the county, arising from the general system of county organization and by necessary implication from a statutory scheme that delegates criminal prosecution to the county level.[18] We also noted that certain levies contributing to the county general fund are by statute authorized to be used for indigent persons.[19]

But *Kovarik* has no applicability here. The appointment of an attorney in a civil action does not present such fundamental matters as defending against a county's prosecution that could lead to imprisonment. Further, there are no indigent persons involved in this civil action.

---

[13] *Id.*

[14] *Id.*

[15] *Kovarik v. County of Banner*, 192 Neb. 816, 224 N.W.2d 761 (1975).

[16] *Id*. at 818, 224 N.W.2d at 763.

[17] *Kovarik v. County of Banner, supra* note 15.

[18] See *id*.

[19] See *id.*

Section 42-358(1) is the only statute that addresses the payment by a county for the services of an attorney appointed in a civil, dissolution action. Section 42-358(1) states:

The court may appoint an attorney to protect the interests of any minor children of the parties. Such attorney shall be empowered to make independent investigations and to cause witnesses to appear and testify on matters pertinent to the welfare of the children. The court shall by order fix the fee, including disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered. *If the court finds that the party responsible is indigent, the court may order the county to pay the costs.*

(Emphasis supplied.)

We need not decide if the costs referred to in § 42-358(1) could encompass those incurred on appeal, because we have repeatedly held that § 42-358(1) permits the district court to order the county to pay attorney fees and expenses only when a responsible party is indigent.[20] Again, no responsible party is indigent in this case.

[8] Through § 42-358(1), the Legislature has determined that the work of an attorney appointed to represent the interests of the minor children in a dissolution action is for a public purpose only when a responsible party to the dissolution is indigent. If such responsible party is not indigent, the appointed attorney has other means of pursuing payment of his or her fees and expenses. Alternatively, dissolution courts have the power to order that the underlying parties be jointly and severally liable for the payment of the court-appointed attorney's fees.

But currently no statute allows for the payment with public funds of an appointed attorney's fees and expenses in a dissolution action when neither party is indigent. Any rules governing

---

[20] See, *Mitchell v. French*, 267 Neb. 656, 676 N.W.2d 361 (2004); *Brackhan v. Brackhan, supra* note 6.

whether the county should expend public funds reimbursing a court-appointed attorney in a dissolution action where none of the parties is indigent should be established by the Legislature, not by the courts.[21]

We held in *White*[22] that White was not indigent, and there was no finding by the district court that any party responsible for the fees and expenses incurred by McGough on appeal was indigent. Because there is no statute granting the district court the power to order Douglas County to pay fees in a dissolution action where neither party is indigent, we hold that the district court erred in ordering Douglas County to pay McGough for his appellate work in *White*. Having so concluded, we need not address Douglas County's remaining arguments that the district court erred.

## CONCLUSION

For the foregoing reasons, we reverse the order of the district court and remand the cause with directions to vacate its order granting attorney fees and costs to McGough.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[21] See *Guenzel-Handlos v. County of Lancaster, supra* note 11.

[22] *White v. White, supra* note 1.