IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE ON BEHALF OF A'LAYAH S. V. D'ANGELO S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF A'LAYAH S., APPELLEE,

V.

D'ANGELO S., APPELLEE, LASHANA W., THIRD-PARTY DEFENDANT, APPELLEE, AND

SHANA G., INTERVENOR-APPELLANT, AND BRYANT G., INTERVENOR-APPELLEE.

Filed September 30, 2025.    No. A-24-851.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

Shana G., pro se.

No appearance for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

### INTRODUCTION

Shana G. intervened in an action in the district court for Douglas County involving her minor grandchild. An attorney appointed for the child subsequently sought and was awarded attorney fees for her services to the child. After the court found that the child's parents were unable to pay, the payment of those fees was allocated between Douglas County and Shana, as allowed by statute. Shana, a self-represented litigant, has appealed from that order. However, Shana has not presented any assignments of error as required by Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2025). Accordingly, we have reviewed only for plain error and, finding none, we affirm.

- 1 -

## STATEMENT OF FACTS

The record on appeal in this case does not contain a bill of exceptions, and the transcript does not contain any of the underlying pleadings. Based on the caption, this case appears to have begun as an action for child support brought by the State of Nebraska against the child's father, but it has since progressed to include other issues. The transcript does include the application for attorney fees filed by the attorney appointed by the district court for the child, as well as the court's order ruling on that application. For context, we recite certain background facts included in the court's order.

D'Angelo S. and Lashana W. are the biological parents of the minor child, A'Layah S. At some point, Shana and Bryant G. intervened in the case (collectively "the intervenors"). Shana is the child's biological maternal grandmother; Bryant is her husband. The court appointed Diane Berger as attorney for the child.

On September 30, 2024, Berger filed an application for attorney fees in the district court, stating that she had rendered legal services as attorney for the child and had also incurred out-of-pocket expenses. In an attached exhibit, she detailed a total of 51.65 hours of legal services and costs totaling $5.04. Berger asked the court for an order requiring payment of attorney fees for legal services rendered to the child in an amount to be determined by the court, reimbursement for costs expended, and such other relief as the court deemed just and equitable. Berger's application included a notice of hearing for October 17.

The district court heard Berger's application for attorney fees and costs on October 17, 2024, and according to the court's order, Berger appeared; Bryant, self-represented, appeared; and evidence and arguments were received. The court then took the matter under advisement.

On October 18, 2024, the district court entered an order ruling on Berger's application. The court found that Berger had incurred attorney fees and costs and noted the number of hours Berger spent on the case as well as the amount of her costs. The court found that the time and costs incurred by Berger were fair, reasonable, and necessary. The court noted that D'Angelo, Lashana, and the intervenors were all involved in the current litigation, and it stated, "Because of the actions of [Lashana] and the [i]ntervenors in withholding the minor child from [D'Angelo], [he] filed his complaint . . . so he could have contact with his daughter, [A'Layah]." The court stated further that it had appointed Berger as the child's attorney "to insure that proper evidence was presented" to the court "as to factual and legal issues." In determining how payment of Berger's attorney fees and costs as the child's attorney should be allocated, the court stated:

> At this time, to the best of the [c]ourt's knowledge, Lashana . . . is still incarcerated and thus has no ability to pay attorney[] fees in this matter. D'Angelo . . . is of limited means and pursuant to the evidence adduced during the trial . . . he is without reasonable funds to pay an attorney. . . . As to . . . Shana . . . she is employed full-time, and from the evidence at trial, has a managerial job with an insurance company. She has refused to provide the [c]ourt with information as to her income and . . . Bryant . . . stated that he does not know what her income is. Therefore, based upon the evidence . . . the [c]ourt finds that Shana . . . has the ability to pay a portion of the attorney[] fees in this matter.

The court then ordered that payment of the attorney fees and costs should be allocated to each party, and it set the fees "at the reasonable rate" of $125 per hour, making the total bill for attorney fees and costs $6,461.29. Because neither D'Angelo nor Lashana was able to afford payment of the fees and costs, the court ordered Douglas County to pay two-thirds of the total ($4,257.52) and ordered Shana to pay the remaining one-third ($2,153.76).

Shana subsequently perfected her appeal to this court.

## ASSIGNMENTS OF ERROR

Our rules of appellate practice require that the appellant's initial brief include a section containing a "separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." § 2-109(D)(1)(e). See *Noland v. Yost*, 315 Neb. 568, 998 N.W.2d 57 (2023). Shana's brief does not contain a separate section assigning error to the district court.

## STANDARD OF REVIEW

Where a brief of a party fails to comply with the mandate of § 2-109(D)(1)(e), an appellate court may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. *Swicord v. Police Stds. Adv. Council*, 309 Neb. 43, 958 N.W.2d 388, 390 (2021). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *J.R.M.B. v. Alegent Creighton Health*, 319 Neb. 287, 21 N.W.3d 678 (2025). We have proceeded with a plain error review.

## ANALYSIS

Shana challenges the basis for the district court's authority to allocate payment of a portion of Berger's fees and costs as A'Layah's attorney to her, arguing that Berger did not render any legal services to Shana and that she and Berger did not have an attorney client relationship. The court appointed Berger as attorney for the minor child in this case, granted Berger's request for payment for her time and expense in providing those services, and allocated the payment of Berger's fees and costs between the underlying litigants, ordering Douglas County to pay the portion allocated to the child's parents because of their indigency. The court did so pursuant to Neb. Rev. Stat. § 42-358(1) (Reissue 2016), which provides courts with statutory authority to award fees to court-appointed attorneys in domestic relations cases. See *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004) (whether attorney is appointed as guardian ad litem or as legal advocate for children under § 42–358(1), he or she is entitled to collect reasonable fee under provisions of that section). Section 42-358(1) provides:

> The court may appoint an attorney to protect the interests of any minor children of the parties. Such attorney shall be empowered to make independent investigations and to cause witnesses to appear and testify on matters pertinent to the welfare of the children. The court shall by order fix the fee, including disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered. If the court finds that the party responsible is indigent, the court may order the county to pay the costs.

Under § 42-358(1), courts have the power to order that the underlying parties be jointly and severally liable for the payment of the court-appointed attorney's fees. See *White v. White*, 296 Neb. 772, 896 N.W.2d 600 (2017). That is exactly what happened here, and we see no plain error.

Shana does not challenge the district court's determination that D'Angelo and Lashana's portion of the fees should be paid by Douglas County, given their indigency, but she argues that the court should not have ordered her to pay a portion of the fees because she is "poor and in forma pauperis." Brief for appellant at 11. She also argues that she is "of limited means" despite her full-time employment, she is "underpaid," and she is "in debt." Brief for appellant at 3. In finding that Shana was able to pay the portion of the fees allocated to her, the court noted trial evidence that Shana has a managerial job with an insurance company, that she had refused to provide the court with information as to her income, and that Bryant stated he did not know her income.

We are unable to evaluate the district court's findings about Shana's ability to pay the portion of attorney fees allocated to her because the record does not include a bill of exceptions from the October 17, 2024, hearing, and to the extent that Shana's arguments reference evidence other than what was presented to the court at that hearing, we do not consider any such evidence. Generally, it is not the function of an appellate court to review evidence that was not presented to the trial court. *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023). It is incumbent on the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Id*. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Id.*

Neb. Rev. Stat. § 25-1140 (Reissue 2016) and Neb. Ct. R. App. P. § 2-105(B)(1)(b) (rev. 2023) place the burden on the appellant to file a praecipe identifying the matter to be contained in the bill of exceptions. Shana filed a praecipe for bill of exceptions (labeled as an amended praecipe) in the district court on December 6, 2024, asking the clerk of the court to "prepare bill of exception [sic] from trial court Order of attorney fees for legal services render [sic] in Case No: [trial court case number for this case]." This is the only praecipe for a bill of exceptions in our record. The district court court reporter filed an affidavit with this court attesting that she received Shana's praecipe on December 6, that she searched her notes and found she made no record in connection with a December 5 hearing regarding attorney fees that was scheduled in this case, as all parties did not show up for the hearing, and that accordingly there would be no bill of exceptions from the district court. Although Shana may have intended her praecipe to request a bill of exceptions for the October 17, 2024, hearing, she did not sufficiently identify what matter or matters her request was intended to cover as required by § 2-105(B)(1)(b). Without a bill of exceptions from the October 17 hearing, we are unable to evaluate the court's determination that Shana is able pay the portion of the attorney fees allocated to her. Accordingly, we affirm that determination. See *Timothy L. Ashford, PC LLO v. Roses, supra*.

Finally, Shana argues that it was improper for the district court to allocate payment of a portion of the fees to her, given that she is a self-represented litigant. In support of this argument, she cites Neb. Rev. Stat. § 25-824 (Reissue 2016), which allows for the recovery of reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

However, it does not allow for the assessment of attorney fees against self-represented litigants unless the court finds that the party clearly knew or reasonably should have known that his or her action or defense or any part of such action or defense was frivolous or made in bad faith. See § 25-824(6). The attorney fee award in this case was not made based on a finding that Shana pursued a legal position that was frivolous or taken in bad faith. As noted above, the award for payment of Berger's fees and costs for the legal services she rendered to the minor child as the child's court-appointed attorney was made under § 42-358(1), and we found no plain error in the court's award. There are no exceptions § 42-358(1) for self-represented litigants, and Shana's arguments about the exception found in § 25-824(6) are not relevant here.

## CONCLUSION

Finding no plain error, we affirm the district court's order that Shana pay one-third of the attorney fees and costs awarded to the attorney appointed for the minor child in this case.

AFFIRMED.