Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/19/2020 09:09 AM CDT

State of Nebraska, appellee, v.
William T. Kelley, appellant.
___ N.W.2d ___

Filed March 27, 2020.    No. S-19-227.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law, which requires an appellate court to reach its conclusions independent from those of a trial court.
2. **Jurisdiction: Appeal and Error.** Before reaching the merits of the issues presented for review, it is an appellate court's duty to determine whether it has jurisdiction to decide them.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.
4. **Criminal Law: Judgments: Sentences: Appeal and Error.** In a criminal case, the judgment from which the appellant may appeal is the sentence.
5. **Double Jeopardy: Pleadings: Final Orders.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), a plea in bar is a "special proceeding," and an order overruling a nonfrivolous double jeopardy claim affects a substantial right.
6. **Double Jeopardy.** The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
7. **Double Jeopardy: Juries: Evidence: Pleas.** In Nebraska, jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea.

Appeal from the District Court for Gage County: Vicky L. Johnson, Judge. Appeal dismissed.

Timothy S. Noerrlinger for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Papik, J.

William T. Kelley appeals the denial of his plea in bar, in which he claimed that charges that he committed sexual assaults should be barred because the State agreed not to prosecute him for those charges in a prior plea agreement. Kelley's plea in bar did not, however, present a colorable double jeopardy claim. Accordingly, we lack appellate jurisdiction and have no choice but to dismiss the appeal.

## BACKGROUND

In August 2018, Kelley was charged by information with one count of first degree sexual assault and one count of third degree sexual assault of a child. Kelley was alleged to have committed the first degree sexual assault between June 1, 2007, and January 11, 2008. Kelley was alleged to have committed the third degree sexual assault of a child between September 1, 2007, and January 12, 2008. The victim of both crimes was alleged to be T.K.

Kelley filed a plea in bar. In the plea in bar, he asserted that in March 2009, he entered guilty pleas to multiple criminal charges in two different criminal cases. Kelley claimed that he pleaded guilty to those charges as part of an agreement in which the State agreed not to bring any charges alleging that he sexually assaulted T.K. Kelley contended that by filing criminal charges it had previously agreed not to bring, the State was violating rights guaranteed to him by the Double Jeopardy Clauses of the federal and the Nebraska Constitutions.

The district court held a hearing on Kelley's plea in bar. The evidence introduced at the hearing showed that in 2009,

after Kelley had been charged with multiple crimes in two different criminal cases, Kelley and the State entered into a written plea agreement. Pursuant to that agreement, Kelley pleaded guilty to various offenses, the court accepted his pleas, and he was found guilty and sentenced accordingly. The written plea agreement did not include a promise by the State not to prosecute Kelley for alleged assaults on T.K. It also included a clause that stated, "[t]he parties to this plea agreement state and acknowledge that this document contains all of the promises, agreements, and understandings between the parties."

Despite the absence of any indication in the written plea agreement that the State was agreeing not to charge Kelley with any charges pertaining to T.K., Kelley claimed that was, in fact, part of the agreement. In support of that argument, Kelley called his attorney in the prior criminal cases as a witness. That attorney testified that an agreement not to prosecute Kelley for alleged assaults on T.K. was part of the agreement he reached with the prosecutor and that Kelley's counsel had inadvertently omitted it from the written plea agreement. Kelley also testified and asserted that the "only reason" he agreed to the plea agreement was the State's agreement not to prosecute him for assaults on T.K. The prosecutor in the prior criminal cases, however, testified that an agreement not to prosecute Kelley for alleged assaults on T.K. was not part of the agreement.

The district court overruled the plea in bar. Kelley appealed.

## ASSIGNMENTS OF ERROR

Kelley assigns two errors on appeal. He contends that the district court erred by overruling his plea in bar. He also asserts that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law, which requires an appellate court to reach its conclusions independent from those

of a trial court. *Griffith v. Nebraska Dept. of Corr. Servs.*, 304 Neb. 287, 934 N.W.2d 169 (2019).

## ANALYSIS

[2] Before reaching the merits of the issues presented for review, it is our duty to determine whether we have jurisdiction to decide them. See *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019). As we will explain, after exercising that duty here, we find that we do not have jurisdiction.

[3,4] For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *State v. Paulsen*, 304 Neb. 21, 932 N.W.2d 849 (2019). In a criminal case, the judgment from which the appellant may appeal is the sentence. *Id.* Kelley has not been sentenced in this case, so we may only exercise jurisdiction if he has appealed from a final order. Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the four types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; (3) an order affecting a substantial right made on summary application in an action after judgment is rendered; and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.

[5] Kelley contends that our precedent recognizes that an order overruling a plea in bar is a final order. We have held that a plea in bar is a "special proceeding," for purposes of § 25-1902, and that an order overruling a *nonfrivolous* double jeopardy claim affects a substantial right. See *State v. Williams*, 278 Neb. 841, 774 N.W.2d 384 (2009). Based on this reasoning, we have reviewed several cases in which the trial court overruled a plea in bar, but the defendant presented a colorable double jeopardy claim. See, e.g., *State v. Huff*, 279 Neb. 68, 70, 776 N.W.2d 498, 501 (2009) ("[appellant's] plea in bar raises a colorable double jeopardy claim, and we

therefore have jurisdiction over this interlocutory appeal"). See, also, *State v. Bedolla*, 298 Neb. 736, 905 N.W.2d 629 (2018); *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017); *Williams, supra*.

In this case, however, we find that Kelley has not presented such a claim. Kelley does assert that the State could not, consistent with the Double Jeopardy Clauses of the federal and Nebraska Constitutions, charge him with sexually assaulting T.K. He claims that is the case because the State agreed in the plea agreement not to do so. He has never, however, explained why the State's alleged breach of the plea agreement amounts to a violation of double jeopardy.

[6] Not only has Kelley not made an argument that the Double Jeopardy Clauses preclude the State from charging him with sexually assaulting T.K., we cannot conceive of a colorable one. And that is true even if we assume that the State agreed in the plea agreement not to bring charges against Kelley alleging that he sexually assaulted T.K. The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). Nothing in our record indicates that Kelley has previously been acquitted, convicted, or punished for sexually assaulting T.K.

[7] Neither is there anything in our record indicating that Kelley will be twice placed in jeopardy for sexually assaulting T.K. In Nebraska, jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea. *Id.* As far as our record discloses, prior to the filing of the information in this case, Kelley had not ever been charged with sexually assaulting T.K. and proceedings had certainly not progressed to the point that jeopardy had attached with respect to such charges.

The fact that Kelley has assigned as error on appeal that he received ineffective assistance of counsel does not change our analysis. Kelley argues that his counsel in the prior criminal cases provided ineffective assistance by failing to include language in the written plea agreement that the State would not bring charges against Kelley alleging that he sexually assaulted T.K. We question whether a party can assert that counsel in a prior criminal case was ineffective in the context of a plea in bar, but even if that is set to the side and even if we assume that Kelley's ineffective assistance of counsel allegation has merit, we see no basis to say that rights guaranteed to Kelley by the Double Jeopardy Clauses have been violated.

Our decision today should not be read to hold that a defendant has no remedy if the State pursues charges it previously agreed not to bring as part of a plea agreement. Indeed, we have previously noted that "when the State breaches a plea agreement, the defendant generally has the option of either having the agreement specifically enforced or withdrawing his or her plea." *State v. Smith*, 295 Neb. 957, 972, 892 N.W.2d 52, 63 (2017). But as Kelley's counsel acknowledged in oral argument, the only remedy he has pursued is a plea in bar based on an alleged double jeopardy violation. Because Kelley has not asserted a colorable double jeopardy claim, however, we lack jurisdiction to decide anything else and are obligated to dismiss the appeal.

## CONCLUSION

Because Kelley has not presented a colorable double jeopardy claim, the order overruling his plea in bar was not a final, appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

Freudenberg, J., not participating.