Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/25/2020 12:12 AM CST

- 346 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

In re Claim of Roberts for Attorney Fees.
Kristine Roberts, appellee, v. County of
Washington, Nebraska, appellant.

___ N.W.2d ___

Filed October 2, 2020.    Nos. S-19-378, S-19-533, S-19-932.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. An appellate court independently reviews questions of law decided by the lower court.
2. **Judgments: Statutes: Rules of the Supreme Court: Appeal and Error.** For purposes of construction, Nebraska Supreme Court rules are treated like statutes, and therefore an appellate court independently reviews the conclusion of a lower court.
3. **Attorney Fees: Appeal and Error.** When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb absent an abuse of discretion.
4. **Courts: Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and courts have no power to allow an appeal when it is not authorized by statute.
5. **Final Orders: Appeal and Error.** Neb. Rev. Stat. § 25-1902 (Supp. 2019) authorizes appeals from four types of final orders: (1) those affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) those affecting a substantial right made during a special proceeding; (3) those affecting a substantial right made on summary application in an action after judgment is rendered; and (4) those denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.
6. **Juvenile Courts: Attorney Fees: Final Orders.** Orders fixing fees for court-appointed counsel in juvenile cases under Neb. Rev. Stat. § 43-273 (Reissue 2016) fall into the second category of final order

- 347 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

under Neb. Rev. Stat. § 25-1902 (Supp. 2019), because they are made in a special proceeding and affect a substantial right.

7. **Actions: Final Orders: Words and Phrases.** A "special proceeding" occurs where the law confers a right and authorizes a special application to a court to enforce the right. A special proceeding includes every special statutory remedy that is not in itself an action, and a proceeding may be special, even if the proceeding is connected with a pending action.

8. **Juvenile Courts: Attorney Fees: Final Orders.** Fee applications under Neb. Rev. Stat. § 43-273 (Reissue 2016) meet the definition of a special proceeding.

9. **Attorney Fees: Statutes: Final Orders: Counties.** When court-appointed counsel is authorized by statute to apply to the appointing court to fix reasonable fees for legal services rendered, an order fixing such fees is a final, appealable order from which either appointed counsel or the county board responsible for payment may appeal.

10. **Statutes: Rules of the Supreme Court: Appeal and Error.** When construing both statutes and Nebraska Supreme Court rules, an appellate court applies familiar rules of statutory interpretation. The language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of words which are plain, direct, and unambiguous. It is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.

11. **Juvenile Courts: Attorney Fees: Rules of the Supreme Court.** Neither Neb. Rev. Stat. § 43-273 (Reissue 2016) nor Neb. Ct. R. § 6-1407 requires that the county must be notified when a fee application is filed by court-appointed counsel, nor does either require that an evidentiary hearing be routinely held on such an application.

12. **Attorney Fees: Statutes: Evidence.** When a statute requires the court to fix reasonable fees for appointed counsel, the trial court has a duty to determine whether the requested fees are in fact reasonable, even if there is no objection to the application or no contrary evidence presented.

13. **Juvenile Courts: Attorney Fees.** Once a juvenile court appoints counsel in a juvenile proceeding, it has a duty under Neb. Rev. Stat. § 43-273 (Reissue 2016) to fix reasonable fees for the necessary legal services performed.

14. **Attorney Fees.** When fixing reasonable fees, a court considers several factors: the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

- 348 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

15. **Attorney Fees: Counties: Appeal and Error.** In the absence of an appeal, a court's order fixing court-appointed counsel fees is conclusive upon both appointed counsel and the county as to the amount allowed.
16. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
17. **Courts: Attorney Fees: Appeal and Error.** While both trial courts and appellate courts are regarded as experts on the value of legal services, a trial court ordinarily has a better opportunity for practically appraising the situation, and an appellate court will interfere only to correct a patent injustice, where the allowance is clearly excessive, or insufficient.
18. **Juvenile Courts: Attorney Fees: Appeal and Error.** When a juvenile case is appealed, Neb. Rev. Stat. § 43-273 (Reissue 2016) requires appointed counsel to apply to the juvenile court, not the appellate court, for payment of services performed on appeal.

Appeals from the County Court for Washington County: C. Matthew Samuelson, Judge. Affirmed.

M. Scott Vander Schaaf, Washington County Attorney, and Desirae M. Solomon for appellant.

Kristine Roberts, of Roberts Law Office, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In these consolidated appeals, the county attorney for Washington County, Nebraska, challenges a series of orders fixing fees for court-appointed counsel in a juvenile proceeding. This opinion clarifies the statutory framework for appealing such orders and explains how the appeal should be styled. It then addresses the procedural and evidentiary challenges raised by the county, including its contentions that (1) the county is entitled by law to notice and an evidentiary hearing whenever a fee application is filed, (2) fee applications must be supported by evidence of the client's continued indigency, (3) courts may not allow fees for defending objections to a

- 349 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

fee application, and (4) only an appellate court may award fees for services performed on appeal.

Finding no abuse of discretion, we affirm the fee orders entered by the juvenile court.

## I. BACKGROUND

### 1. Procedural History of Juvenile Proceedings

In March 2016, the State filed a petition in the county court for Washington County alleging the minor children of Kilynn K. were within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Supp. 2015) due to the faults and habits of Kilynn. Pursuant to an ex parte order, the children were removed from Kilynn's home, which was alleged to be unsanitary and bug infested.

Early in the case, the county court, sitting as a juvenile court, granted Kilynn's request for court-appointed counsel and appointed attorney Kristina Roberts.[1] Roberts has represented Kilynn during all phases of this juvenile proceeding.

Eventually, the children were adjudicated under § 43-247(3)(a). The court set a permanency goal of reunification, and Kilynn was ordered to work with family support services, complete a psychological evaluation, attend therapy, attend parenting classes, learn how to clean and organize the home, and eradicate insects from the home. At regular review hearings throughout 2017, the court found that Kilynn was making progress and that supervised visits were going well. However, in the spring of 2018, Kilynn started to backslide, and in June 2018, the State moved to terminate her parental rights.

Trial on the motion to terminate was held in November 2018. The trial lasted 4 full days; more than 20 witnesses testified, and approximately 90 exhibits were offered. At the conclusion of trial, the juvenile court denied the State's motion,

---

[1] See Neb. Rev. Stat. § 43-279.01(1) (Reissue 2016) (authorizing juvenile court to appoint counsel to represent parent in adjudication and termination proceeding if parent unable to afford attorney).

- 350 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

finding it had not shown that Kilynn was unfit or that terminating her parental rights was in the children's best interests. The State timely appealed that ruling, and the Nebraska Court of Appeals affirmed.[2]

## 2. Orders Compensating Court-Appointed Counsel

### (a) Fee Applications From 2016 Through 2018

During the first few years of this juvenile proceeding, Roberts filed an application in the county court for Washington County every 3 to 4 months seeking payment for past legal services at the approved hourly rate, which at the time was $75 per hour. There were no objections to any of these fee applications. The court routinely allowed Roberts' fee applications without a hearing, and no appeals were taken from any of the fee orders during this time period.

### (b) February 2019 Fee Application

On February 13, 2019, Roberts filed a verified fee application seeking payment of $12,103.80 for 151 hours of services rendered from August 30, 2018, through February 6, 2019. The application included time billed by Roberts in preparing for and defending the 4-day termination trial. The fee application was supported by Roberts' affidavit, which included a detailed billing statement. Roberts served a copy of the February 2019 fee application, along with a notice of hearing, on the Washington County Attorney.

Washington County filed a written objection to Roberts' fee application, alleging Roberts' affidavit contained hearsay and lacked necessary foundation. In a subsequently filed brief, the county also challenged evidence of Kilynn's indigency and argued that Roberts' fee application should be denied because prior fee orders had sufficiently compensated Roberts for her services.

---

[2] *In re Interest of A.M. & S.K.S.*, No. A-19-247, 2019 WL 5561409 (Neb. App. Oct. 29, 2019) (selected for posting to court website).

- 351 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

At the hearing, Roberts offered a copy of her affidavit and the court received it without objection. Roberts also called a local attorney, who testified that for the past 30 years, a portion of his general law practice involved representing parents in termination proceedings. He described parental rights termination cases as the "capital punishment of all family law cases." When privately retained, he billed his time for such work at $200 an hour. He also accepted juvenile court appointments despite the lower hourly rate, because he understood the court "wants experienced trial attorneys to be available on the court list." The attorney testified that trial preparation time varies from case to case, but that, generally, an attorney prepares approximately 2 hours for each hour spent in trial. He testified that other attorneys in the area often consult him about handling parental rights termination cases and that Roberts consulted him several times during the pendency of this case but did not bill the county for any of that time. The attorney was familiar with the history of this juvenile case and had reviewed Roberts' affidavit and her billing statement. When asked his opinion on whether Roberts' fees and expenses were fair and reasonable, he testified that if anything, Roberts underbilled for the time she spent defending Kilynn.

Washington County offered no evidence at the hearing. It instead urged the court to deny Roberts' February 2019 fee application in its entirety, based on the arguments it raised in its objection and brief. Summarized, it was the county's primary position that Roberts' past fee awards were sufficient to compensate her for all of her legal services in the case, even if it meant she received no payment for the time billed defending Kilynn in the parental rights termination trial.

On March 28, 2019, the court entered an order overruling Washington County's objection to Roberts' February 2019 fee application. The court found Roberts' requested fees were fair and reasonable, and it allowed fees in the sum of $12,103.80. The county timely appealed from that order, and the appeal was docketed as case No. A-19-378.

- 352 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

### (c) April 2019 Fee Application

Roberts filed another verified fee application on April 25, 2019, seeking payment of $2,347.50 for approximately 31 hours of legal services performed from February 11 to April 25, 2019. This application included 3 hours billed in connection with preparing for and attending the evidentiary hearing on Washington County's objection to the February 2019 fee application and 1.2 hours of work in connection with the county's direct appeal of the decision declining to terminate Kilynn's parental rights. Roberts' April 2019 fee application was supported by her own affidavit and a detailed billing invoice. Roberts served the Washington County Attorney with a copy of the April 2019 fee application and a notice of hearing.

The county did not file an objection to the April 2019 fee application, but it did appear at the scheduled hearing. At the hearing, Roberts offered a copy of her affidavit and the court received it over the State's objections. Washington County offered no evidence, but made an oral objection to the fee application, claiming the court lacked jurisdiction over the matter, because the county had appealed some of the juvenile court's recent orders.

The juvenile court rejected the county's jurisdictional argument and, speaking from the bench, found that Roberts had been properly appointed and that "[t]here were no irregularities" in her fee request. The county took exception to the latter finding and asked to be heard, arguing that Roberts' April 2019 fee application was irregular because some of the billed time pertained to work performed in defending the county's appeals. It was the county's position that Roberts could not ask the juvenile court to compensate her for work performed in the appellate court. According to the county, if Roberts wanted to be paid for work performed on appeal, she would need to "re-apply to the Court of Appeals to get separately appointed for the purposes of the appeal," and then "the Court of Appeals takes up that application for attorney fees when that case closes."

- 353 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

The county also argued that Roberts' fee request was irregular because she was seeking compensation for time spent defending the county's objection to her February 2019 fee application. The county argued that such time "ha[d] nothing to do with" representing Kilynn in the juvenile proceeding and, thus, was not compensable under Neb. Rev. Stat. § 43-273 (Reissue 2016). When the court asked what Roberts should have done when the county objected to her fee application, the county conceded it was appropriate for Roberts to prepare for and appear at the hearing on the county's objection. But it maintained Roberts was not entitled to be compensated for that time.

The juvenile court ruled from the bench and allowed Roberts' fee request after making a minor deduction. Later that same day, the court entered an order overruling the county's objection, finding that Roberts' fees were fair and reasonable, and allowing fees in the sum of $2,325. The county timely appealed from that order, and the appeal was docketed as case No. A-19-533.

(d) July 2019 Fee Application

On July 12, 2019, Roberts filed a verified application seeking fees in the amount of $2,991.85 for nearly 40 hours of legal services performed from April 26 through July 1, 2019. This application included approximately 19 hours of time billed for activities related to defending Kilynn in the ongoing juvenile court proceedings, approximately 1 hour billed for defending the county's objection to Roberts' April 2019 fee application, and approximately 20 hours billed for reviewing, researching, and drafting briefs in the various appeals taken by the county. Roberts' July 2019 fee application was accompanied by a detailed billing statement, but unlike her prior two applications, it contained no certificate of service and no notice of hearing. Washington County contends it was never served with a copy of this fee application.

Without setting the matter for hearing, the court entered an order on August 26, 2019, allowing Roberts' July 2019 fee

- 354 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

application in the amount of $ 2,991.85. Washington County timely appealed from that order, and the appeal was docketed as case No. A-19-932.

We moved all three appeals to our docket on our own motion and consolidated them for purposes of this opinion.

## II. ASSIGNMENTS OF ERROR

In its first appeal, Washington County assigns, restated, that the juvenile court's February 2019 fee order was erroneous, because Roberts offered no evidence that Kilynn was still unable to afford a lawyer and because Roberts had already been adequately compensated by prior fee orders.

In its second appeal, Washington County assigns that the April 2019 fee order was erroneous for the same reasons raised in the first appeal and, in addition, assigns that the allowed fees were excessive because Roberts was compensated for time spent defending the county's objection to her February 2019 fee application.

In its third appeal, Washington County assigns that the July 2019 fee order was erroneous for the same reasons raised in the first and second appeals and, in addition, assigns that the order was erroneous because fees were allowed without providing Washington County notice or an opportunity to be heard.

## III. STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law.[3] An appellate court independently reviews questions of law decided by the lower court.[4]

[2] For purposes of construction, Nebraska Supreme Court rules are treated like statutes,[5] and therefore an appellate court independently reviews the conclusion of a lower court.[6]

---

[3] *State v. Brye*, 304 Neb. 498, 935 N.W.2d 438 (2019).

[4] *Id.*

[5] *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018).

[6] See *Sellers v. Reefer Systems*, 305 Neb. 868, 943 N.W.2d 275 (2020).

- 355 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

[3] When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb absent an abuse of discretion.[7]

## IV. ANALYSIS

When the juvenile case was filed in 2016, Kilynn advised the court she could not afford to hire a lawyer and she requested court-appointed counsel.[8] The court appointed Roberts, and Washington County does not, in these appeals, challenge the basis for that appointment. Instead, the county challenges the court's 2019 orders fixing Roberts' attorney fees.

The parties' appellate briefing demonstrates considerable confusion regarding the proper procedure under Nebraska law for requesting and fixing fees for court-appointed counsel in juvenile proceedings. We therefore begin by setting out the statutes and uniform court rules governing that procedure.

### 1. STATUTES AND COURT RULES GOVERNING PAYMENT OF COURT-APPOINTED COUNSEL

Section 43-273 provides in relevant part that counsel appointed under the juvenile code

> shall apply to the court before which the proceedings were had for fees for services performed. The court upon hearing the application shall fix reasonable fees. The county board of the county wherein the proceedings were had shall allow the account, bill, or claim presented by any attorney . . . in the amount determined by the court. No such account, bill, or claim shall be allowed by the county board until the amount thereof shall have been determined by the court.

In addition to the statutory process outlined in § 43-273, the Supreme Court has adopted a uniform court rule which applies in all county courts and governs the content and filing

---

[7] See *State v. Rice*, 295 Neb. 241, 888 N.W.2d 159 (2016).

[8] See § 43-279.01(1).

- 356 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

of fee applications in both criminal and juvenile matters.[9] That uniform court rule provides:

> Before the claim of any attorney appointed by the court is allowed in criminal and juvenile matters, such attorney shall make a written application for fees, positively verified, stating time and expenses in the case. Counsel shall also state in the application that counsel has not received and has no contract for the payment of any compensation by such defendant or anyone in the defendant's behalf, or, if counsel has received any fee or has a contract for the payment of same, shall disclose the same fully so that the proper credit may be taken on counsel's application. The application shall be filed with the clerk. If a hearing is required, the time and date of hearing shall be set by court order.[10]

A different uniform court rule governs the rate of compensation for court-appointed counsel and provides in relevant part:

> (E) Compensation for Court-Appointed Attorneys.
> (1) An attorney appointed by a court shall be paid at the hourly rate established by the court.
> (2) Generally, no distinction should be made between rates for services performed in and outside of court, and the same rate should be paid for any time the attorney spends traveling in fulfilling his or her professional obligations.[11]

Similar uniform court rules apply to court-appointed counsel in separate juvenile courts.[12]

Finally, in addition to the statute and uniform court rules just referenced, some judicial districts have adopted local court rules, not inconsistent with statute or Supreme Court

---

[9] Neb. Ct. R. § 6-1407.

[10] *Id.*

[11] Neb. Ct. R. § 6-1470(E) (rev. 2017).

[12] See Neb. Ct. R. §§ 6-1704 (rev. 2014) and 1706(B)(3) and (E) (rev. 2017).

- 357 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

rules,[13] establishing additional procedures for paying court-appointed counsel in that district.[14] However, during the relevant time period, the county court judges in the Sixth Judicial District, which includes Washington County, had no local court rule governing the procedure for paying court-appointed counsel.

We note the appellate briefing in this case refers to a "Washington County Attorney Fee Policy"[15] which purportedly requires court-appointed counsel to present all fee applications to the county attorney for "approval or objection"[16] before the court rules on the application. But no such policy was included in our record, and no local court rule reflecting such a policy has been adopted by the judges of that district or approved by the Supreme Court. We therefore do not consider, and express no opinion regarding, any informal procedures or policies in Washington County pertaining to compensating court-appointed counsel.

## 2. Right to Appeal From Order Allowing Fees

In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an

---

[13] See, Neb. Ct. R. § 6-1448 (providing each county court by majority of its judges may adopt local rules not inconsistent with uniform court rules or state statute); Neb. Ct. R. § 6-1501 (providing each district court by majority of its judges may adopt local rules concerning matters not covered by uniform district court rules which are not inconsistent with statute or any Supreme Court directive).

[14] See, e.g., Rules of Dist. Ct. of First Jud. Dist. 1-19 (rev. 2005); Rules of Dist. Ct. of Third Jud. Dist. 3-14 (rev. 2013); Rules of Dist. Ct. of Fifth Jud. Dist. 5-17 (rev. 2016); Rules of Dist. Ct. of Sixth Jud. Dist. 6-8 (rev. 2010); Rules of Dist. Ct. of 10th Jud. Dist. 10-23 (rev. 2010); Rules of Dist. Ct. of 11th Jud. Dist. 11-6 (rev. 2002). See, also, Rules of Sep. Juv. Ct. of Douglas Cty. 11.4 and 11.6 (rev. 2014); Rules of Sep. Juv. Ct. of Lancaster Cty. VI(G) (rev. 2018).

[15] Brief for appellee in case No. S-19-932 at 9.

[16] *Id.*

- 358 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

appellate court to determine whether it has jurisdiction over the matter before it.[17] Washington County filed a timely notice of appeal within 30 days after the entry of each of the fee orders it seeks to challenge, but the threshold jurisdictional question is whether those orders are appealable.

The right to appeal from orders in juvenile court is governed by Neb. Rev. Stat. § 43-2,106.01(1) (Reissue 2016). That statute permits authorized parties to appeal from "[a]ny final order or judgment" entered by a juvenile court.[18] The instant appeals were filed by the county attorney, who is among those authorized by § 43-2,106.01 to take an appeal. Setting aside for now the question of whether the county attorney has styled these appeals to correctly reflect the proper parties, the pertinent jurisdictional question is one we have not yet addressed: Is an order ruling on a fee application of court-appointed counsel in a juvenile matter a final, appealable order? Our opinions addressing appeals of fee awards in other appointed-counsel contexts provide some guidance.[19]

In the 1987 case of *In re Claim of Rehm and Faesser* (*Rehm*),[20] court-appointed counsel in a criminal case appealed from a fee order, claiming the fees were inadequate to compensate counsel for the work performed. We recognized that some of our earlier cases had been inconsistent regarding both the right to appeal, and the procedure for appealing, from fee awards to appointed counsel in criminal cases. *Rehm* expressly disapproved of our prior cases on the issue and announced the following rule regarding the appealability of fee orders and the manner in which such appeals should be styled:

---

[17] *In re Interest of Paxton H.*, 300 Neb. 446, 915 N.W.2d 45 (2018).

[18] § 43-2,106.01(1). See § 43-2,106.01(2)(a) through (d).

[19] See, e.g., *White v. White*, 296 Neb. 772, 896 N.W.2d 600 (2017); *Rice, supra* note 7; *White v. White*, 293 Neb. 439, 884 N.W.2d 1 (2016); *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987).

[20] *Rehm, supra* note 19.

- 359 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

We hold, therefore, that either appointed counsel or the county involved may appeal to this court from an order determining the amount of fees and expenses allowed appointed counsel under § 29-1804.12. Such an appeal is a proceeding separate from the criminal case. It should be docketed separately and disposed of without regard to the result of any appeal in the criminal case itself. In the absence of an appeal, the order of the district court is conclusive upon both appointed counsel and the county as to the amount allowed.[21]

*Rehm* acknowledged that the county was not a party to the criminal case "in the usual sense,"[22] because the county attorney was prosecuting the matter on behalf of the State, not the county. But *Rehm* reasoned that because any order awarding fees to court-appointed counsel would be presented to the county for payment, the county attorney could be expected to "make whatever showing is necessary"[23] to ensure a proper decision regarding fees. And *Rehm* expressly found that "both appointed counsel and the county must be afforded a right of [appellate review] in the event either is dissatisfied with the order of the district court."[24]

We have applied the reasoning from *Rehm* to appeals from fee awards to appointed counsel in both postconviction proceedings[25] and domestic relations proceedings.[26] We see no principled reason to depart from the *Rehm* reasoning in appeals from fee awards to appointed counsel in juvenile proceedings. We do, however, take this opportunity to explain the statutory basis for our conclusion in *Rehm* that such orders are final and appealable.

---

[21] *Id.* at 113-14, 410 N.W.2d at 96.

[22] *Id.* at 113, 410 N.W.2d at 96.

[23] *Id.*

[24] *Id.*

[25] *Rice, supra* note 7.

[26] *White, supra* note 19 (2017); *White, supra* note 19 (2016).

- 360 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

### (a) Order Fixing Fees Under
### § 43-273 Is Final Order

[4-6] The right of appeal in Nebraska is purely statutory, and courts have no power to allow an appeal when it is not authorized by statute.[27] Neb. Rev. Stat. § 25-1902 (Supp. 2019) authorizes appeals from four types of final orders: (1) those affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) those affecting a substantial right made during a special proceeding; (3) those affecting a substantial right made on summary application in an action after judgment is rendered; and (4) those denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.[28] As we explain below, orders fixing fees for court-appointed counsel in juvenile cases under § 43-273 fall into the second category of final order under § 25-1902, because they are made in a special proceeding and affect a substantial right.

[7] A "special proceeding" occurs where the law confers a right and authorizes a special application to a court to enforce the right.[29] A special proceeding includes every special statutory remedy that is not in itself an action,[30] and "a proceeding may be special, even if the proceeding is connected with a pending action."[31] Section 43-273 authorizes appointed counsel to apply to the appointing court for payment of earned fees, and once the appointing court fixes a reasonable fee, the county board is required to allow the claim in the amount determined by the court.

[8] Fee applications under § 43-273 meet the definition of a special proceeding. The law authorizes the fee application so

---

[27] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[28] See *State v. Kelley*, 305 Neb. 409, 940 N.W.2d 568 (2020).

[29] See *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997).

[30] *In re Estate of Abbott-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018).

[31] *Jacques, supra* note 29, 253 Neb. at 253, 570 N.W.2d at 336.

- 361 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

that appointed counsel can enforce the right to be compensated for services rendered, and the application is not itself an action or a step in an action. Moreover, while we did not expressly use final order terminology in *Rehm*, our analysis recognized that orders determining court-appointed attorney fees affect a substantial right of both the lawyer seeking payment of earned fees and the county responsible for paying those fees.[32] And while an order fixing fees does not result in a judgment, it "is conclusive upon both appointed counsel and the county as to the amount allowed."[33]

[9] We therefore hold that when court-appointed counsel is authorized by statute to apply to the appointing court to fix reasonable fees for legal services rendered, an order fixing such fees is a final, appealable order from which either appointed counsel or the county board responsible for payment may appeal.

### (b) Proper Parties in Appeal From Final Order Fixing Fees

The county attorney has styled these appeals as though the State of Nebraska is the appellant and Kilynn is the appellee. This is not accurate, because neither the State nor Kilynn was involved in the special proceeding to fix court-appointed counsel's fees. Rather, these consolidated appeals were brought by the county attorney for Washington County on behalf of the county board to challenge the fee orders. And it is Roberts, not Kilynn, who was allowed the fees and is defending the fee orders on appeal.

We therefore modify the caption of these consolidated appeals to reflect that Washington County is the appellant and that Roberts is the appellee. Consistent with the manner in which *Rehm* was styled, the proper caption for these appeals is as follows: *In re Claim of Roberts for Attorney*

---

[32] See *Rehm, supra* note 19.

[33] *Id.* at 114, 410 N.W.2d at 96.

- 362 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

*Fees. Kristine Roberts, Appellee, v. County of Washington, Nebraska, Appellant.*

### 3. Arguments on Appeal

Regarding the merits of these consolidated appeals, Washington County's assignments of error fall generally into one of three categories: (1) claims that the juvenile court erred in the procedure followed when fixing fees, (2) claims that the evidence was insufficient to support the fee orders, and (3) claims that the amount of fees allowed was excessive. We address these assignments collectively where appropriate, and we begin with the county's procedural claim that it was entitled to notice and an evidentiary hearing on the July 2019 fee application.

### (a) Notice and Hearing

In its third appeal, Washington County argues the August 2019 fee order should be vacated because it was entered without providing notice to the county that the July 2019 fee application had been filed and without holding an evidentiary hearing on the application. The county generally frames this as a constitutional due process violation, arguing, "The juvenile court in this case violated the due process of the county by ordering fees without [a] hearing, notice or evidence."[34]

We dispense quickly with the county's constitutional due process argument, because the law is well settled that the county has no such constitutional right.[35] We instead focus

---

[34] Supplemental brief for appellant in case No. S-19-932 at 4.

[35] See, *White, supra* note 19 (2016) (holding county has no constitutional right to due process); *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*, 281 Neb. 152, 164, 794 N.W.2d 685, 696 (2011) (holding "Washington County has no constitutional right to due process that the court could have violated"); *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 146, 638 N.W.2d 839, 844 (2002) (refusing to consider county's constitutional due process arguments, because "[a] county, as a creature and political subdivision of the State, is neither a natural nor an artificial person").

- 363 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

our analysis on whether § 43-273, or any of the applicable court rules, entitles the county to notice that a fee application has been filed, or requires that an evidentiary hearing be held before the court fixes reasonable fees.

[10] When construing both statutes and Supreme Court rules, we apply familiar rules of statutory interpretation.[36] The language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of words which are plain, direct, and unambiguous.[37] It is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.[38]

Washington County directs us to nothing in the plain language of either § 43-273 or the applicable court rules that requires notifying the county or holding an evidentiary hearing when a fee application is filed by court-appointed counsel. Instead, Washington County argues we should construe the following statutory language to require evidentiary hearings on all fee applications: "The court upon hearing the application shall fix reasonable fees."[39] The county suggests this language "indicates that there should be a hearing conducted"[40] on every fee application. We disagree.

Section 43-273 requires the court to fix reasonable fees "upon hearing the application," but we understand that phrase to refer broadly to the court's consideration of the fee application, not as a mandate to hold an evidentiary hearing before fixing fees. When the Legislature wants to mandate an evidentiary hearing before allowing a ruling, it knows how to

---

[36] See *Hotz, supra* note 5 (explaining for purposes of construction, Supreme Court rules treated like statutes).

[37] See *State v. Wal*, 302 Neb. 308, 923 N.W.2d 367 (2019).

[38] *Rogers v. Jack's Supper Club*, 304 Neb. 605, 935 N.W.2d 754 (2019).

[39] § 43-273.

[40] Brief for appellant in case No. S-19-932 at 10.

- 364 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

do so.[41] Rather than mandating a hearing, § 43-273 describes an informal fee application process which is administrative rather than adversarial. The court rule regarding application for fees accommodates that informal statutory procedure, while also recognizing that judges have discretion to set a hearing on a fee application if they determine one is required.[42] The court rule also adds several administrative requirements to the statutory fee application process, including that the application must be written, must be positively verified by counsel, must include specific information, and must be filed with the clerk.[43] These requirements ensure both that a written record exists of any fee application that is allowed and that the court has positively verified information upon which to rely when fixing reasonable fees. In other words, the court rule is designed to reduce the need for courts to set an evidentiary hearing on fee applications, not to mandate hearings in every case, as the county contends.

[11] We hold as a matter of law that neither § 43-273 nor court rule § 6-1407 requires that the county must be notified when a fee application is filed by court-appointed counsel, nor does either require that an evidentiary hearing be routinely held on such an application. And while it is true that several courts have adopted local rules requiring fee applications to be styled as motions and served on the county attorney,[44] the county court for Washington County had no local court rule

---

[41] See, e.g., Neb. Rev. Stat. § 29-3702 (Reissue 2016); Neb. Rev. Stat. § 29-3703 (Reissue 2016); Neb. Rev. Stat. § 43-104.05 (Reissue 2016); Neb. Rev. Stat. § 43-246.02 (Cum. Supp. 2018).

[42] See § 6-1407 ("[i]f a hearing is required, the time and date of hearing shall be set by court order").

[43] See *id.*

[44] See, e.g., Rules of Dist. Ct. of First Jud. Dist. 1-19; Rules of Dist. Ct. of Third Jud. Dist. 3-14; Rules of Dist. Ct. of Fifth Jud. Dist. 5-17; Rules of Dist. Ct. of Sixth Jud. Dist. 6-8; Rules of Dist. Ct. of 10th Jud. Dist. 10-23.

- 365 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

requiring either notice to the county or an evidentiary hearing when appointed counsel files a fee application. We therefore find no merit to the county's claim that the juvenile court erred in allowing the July 2019 fee application without first providing the county with notice and a hearing.

We are aware the local practice in some jurisdictions has long been to provide the county with notice when fee applications are filed and to set such matters for hearing. Our opinion today does not condemn such practices, whether formalized through the adoption of local court rules or not. Indeed, appointed counsel in this case provided notice to the county of her February 2019 and April 2019 fee applications, and counsel set both for hearing. But the question before us is not whether it is the common practice, or even the best practice, to provide notice to the county and set fee applications for hearing. Rather, the question presented is whether notice and a hearing are required by the applicable statutes and court rules. They are not, and the county's arguments to the contrary are without merit.

## (b) Sufficiency of Evidence

In all three appeals, Washington County assigns the juvenile court erred in allowing fees without first receiving evidence that Kilynn remained unable to afford an attorney at the time of the fee application. In making this argument, the county does not challenge the initial appointment of counsel for Kilynn, nor does it contend that after counsel was appointed, Kilynn became able to afford counsel. Instead, it is the county's position that each time Roberts applied for fees under § 43-273, she had the burden to prove that Kilynn was still unable to afford to hire private counsel. The county is incorrect.

The evidentiary requirements governing Roberts' fee application are set out in court rule § 6-1407. That rule requires that before appointed counsel's fees are allowed in a criminal or juvenile matter, counsel must file a written fee application with the clerk which is positively verified and which states

- 366 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

counsel's time and expenses in the case.[45] It also requires the application must either state that counsel "has not received and has no contract for the payment of any compensation by [the client] or anyone in [the client's] behalf" or disclose "if counsel has received any fee or has a contract for the payment of same . . . so that the proper credit may be taken on counsel's application."[46]

Because Washington County does not assign or argue that any of Roberts' fee applications failed to meet the evidentiary requirements of court rule § 6-1407, we express no opinion in that regard. We do, however, reject as unfounded the county's contention that before fees can be allowed under § 43-273, appointed counsel is required to affirmatively prove that his or her client remains unable to afford an attorney.

### (c) Reasonableness of Allowed Fees

[12] When attorney fees are authorized by statute, the court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb absent an abuse of discretion.[47] We have recognized that when a trial court appoints counsel in either a criminal or a postconviction action, Nebraska statutes require the court to fix reasonable fees and expenses.[48] As such, we have found it amounts to an abuse

---

[45] § 6-1407.

[46] *Id.*

[47] See *Rice, supra* note 7.

[48] See, e.g., *Rice, supra* note 7 (holding that once counsel is appointed in postconviction case, Neb. Rev. Stat. § 29-3004 (Reissue 2016) requires court to fix reasonable fees and expenses); *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015) (recognizing that once counsel is appointed to represent defendant in criminal matter, Neb. Rev. Stat. § 29-3905 (Reissue 2016) requires appointing court to fix reasonable fees and expenses); *State v. Ryan*, 233 Neb. 151, 154, 444 N.W.2d 656, 659 (1989) (holding appointed counsel in criminal cases must be paid reasonable fees and expenses and finding an abuse of discretion in refusing to pay counsel for "substantial hours" devoted to such representation).

- 367 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

of discretion to refuse to allow any fees[49] or to refuse to compensate court-appointed counsel for services necessarily performed in representing the defendant.[50] Moreover, when a statute requires the court to fix reasonable fees for appointed counsel, the trial court has a duty to determine whether the requested fees are in fact reasonable, even if there is no objection to the application or no contrary evidence presented.[51] These same principles apply when a court appoints counsel in a juvenile proceeding.

[13,14] Here, once the juvenile court appointed Roberts to represent Kilynn in the juvenile proceedings, it had a duty under § 43-273 to "fix reasonable fees" for the necessary legal services Roberts performed in those proceedings. When fixing reasonable fees, a court considers several factors: the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.[52]

In these consolidated appeals, Washington County does not contend the juvenile court failed to consider any of these factors when fixing fees. Instead, it argues the fees allowed in 2019 were excessive and unreasonable, because Roberts already has been paid significant fees, because some of the billed time related to defending the county's objection to her fee applications, and because some of the billed time pertained to activities on appeal. We address each of these arguments in turn.

---

[49] See *Rice, supra* note 7.

[50] See, *Ryan, supra* note 48; *Rehm, supra* note 19.

[51] See *Rice, supra* note 7.

[52] *Id*.

- 368 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

### (i) Prior Fee Orders

The juvenile proceeding involving Kilynn has been pending since 2016. Washington County's primary opposition to Roberts' 2019 fee applications has been that considering the total amount of fees allowed since the inception of the case, the additional fees allowed in 2019 were excessive and unreasonable. The record generally shows that before the 2019 fee orders at issue in these consolidated appeals, Roberts applied for and was paid a total of $23,788.40 in fees for legal services performed in the juvenile proceeding since 2016.

[15] In arguing the fees allowed in 2019 were unreasonable and excessive, the county does not directly challenge the reasonableness of any earlier fee orders, nor could it. In the absence of an appeal, a court's order fixing court-appointed counsel fees is conclusive upon both appointed counsel and the county as to the amount allowed,[53] and courts have no power to extend the time for appeal, either directly or indirectly.[54] Nor, for the most part, does the county argue that any particular time billed by Roberts in 2019 was unnecessary. Instead, the county complains that the fees allowed in 2019, when considered "in conjunction with"[55] the fees allowed since the inception of the case in 2016, amount to excessive compensation for a "simple"[56] abuse/neglect case. The county's primary argument is that Roberts has "essentially been billing the county for working on the case nearly daily for three years"[57] without offering any "explanation of why it was reasonable and necessary."[58]

---

[53] See, generally, *Rehm, supra* note 19.

[54] See *Bryson L. v. Izabella L.*, 302 Neb. 145, 921 N.W.2d 829 (2019).

[55] Brief for appellant in case No. S-19-378 at 18.

[56] *Id*. at 17.

[57] *Id*. at 18.

[58] *Id*. at 17.

Roberts counters that this has not been a simple juvenile case, and in response to the county's suggestion that she regularly billed time in this case, her brief cites the practice guidelines applicable to attorneys in juvenile court, which require "high quality legal representation by all attorneys appearing before the juvenile court."[59] Roberts highlights that in 2019, she successfully defended Kilynn in a 4-day parental rights termination trial, and Roberts adds that while her representation of Kilynn has been continuous since 2016, these appeals have effectively prevented her from being paid for any legal services in the case since September 2018.

We agree with the county that the total amount of fees allowed in this juvenile proceeding since 2016 has been significant. But we cannot find, on that basis alone, that the juvenile court abused its discretion in allowing Roberts' fee applications in 2019.

[16,17] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[60] While both trial courts and appellate courts are regarded as experts on the value of legal services, a trial court ordinarily has a better opportunity for practically appraising the situation, and an appellate court will interfere only to correct a patent injustice, where the allowance is clearly excessive, or insufficient.[61]

Here, the juvenile court was in the best position to determine whether the time billed in Roberts' 2019 fee applications was reasonable and necessary for the services performed in the case, and we find ample support in the record for the court's

---

[59] See §§ 6-1470 and 6-1706 (practice guidelines for attorneys practicing in juvenile court). See, also, Neb. Rev. Stat. § 43-272(5) (Reissue 2016) (requiring Supreme Court to provide guidelines for standards of all attorneys practicing in juvenile court).

[60] *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016).

[61] See *Omaha Paper Stock Co. v. California Union Ins. Co.*, 200 Neb. 31, 262 N.W.2d 175 (1978).

- 370 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

findings in that regard. Moreover, we soundly reject the county's suggestion that the court should have refused to allow any fees at all for necessary legal services in 2019 simply because prior fee allowances were significant. The juvenile court was correct in concluding it would have been an abuse of discretion either to refuse to fix any fees[62] or to refuse to reasonably compensate Roberts for services necessarily performed.[63]

We therefore reject the county's argument that the fees allowed in 2019 were unreasonable and excessive merely because significant fees had previously been allowed.

### (ii) Paying Appointed Counsel for Defending Objections to Fee Application

Collectively, the juvenile court's 2019 fee orders compensated Roberts for approximately 222 hours of time billed in the case; approximately 4 of those hours pertained to time billed to prepare for and attend the hearings on the county's objections to her fee applications. Roberts did not bill for preparing or filing her fee applications.

Washington County contends it was error to compensate Roberts for any time defending the fee applications, arguing such time pertained to litigating counsel's right to compensation and thus was not "for services performed" in the proceedings under § 43-273. Roberts responds that she is a solo practitioner and was required to take time away from other billable work to defend her statutory right to be reasonably compensated for services performed in the case. She suggests that if reasonable fees are never allowed for time spent defending meritless objections to fee applications, then appointed counsel will "be forced to take whatever the county attorney felt was appropriate"[64] and it would effectively be the county attorney, rather than the court, fixing appointed counsel fees.

---

[62] See *Rice, supra* note 7.

[63] See, *Ryan, supra* note 48; *Rehm, supra* note 19.

[64] Brief for appellee in case No. S-19-533 at 15.

- 371 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

On this record, where the juvenile court essentially concluded the county's objections to the fee applications had no basis in law or fact, we cannot find the trial court abused its discretion in concluding that the 4 hours billed by appointed counsel to defend against the county's meritless objections was compensable as "services performed" in the proceeding under § 43-273. We caution that in so holding, we are not suggesting that appointed counsel is always entitled to be paid for time defending an objection to a fee application, nor are we suggesting that it can never be an abuse of discretion to allow fees for defending against objections to fee applications. The reasonableness of allowing fees for defending an objection to a fee application is highly fact dependent and will vary from one case to the next. However, we reject the county's contention that appointed counsel can never be allowed fees under § 43-273 for defending an objection to a fee application, and to the extent the Court of Appeals' reasoning in *In re Interest of Antone C. et al.*[65] can be read to support such a contention, it is disapproved.

Here, the record shows the juvenile court found no merit to any of the county's objections to Roberts' fee applications, and it expressly found that Roberts' time defending her fee applications was reasonable and necessary. Because the trial court's reasons and rulings in that regard were not clearly untenable, we find no abuse of discretion and we reject the county's argument that the court erred in compensating appointed counsel for this time.

### (iii) Applying to Juvenile Court for Payment of Legal Services Performed on Appeal

Roberts' April 2019 fee application included approximately 1.2 hours billed for services performed on appeal, and her July 2019 fee application included approximately 20 hours of time billed for services on appeal. Washington County objected

---

[65] *In re Interest of Antone C. et al.*, 12 Neb. App. 152, 669 N.W.2d 69 (2003).

- 372 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

to this time and took the position that if Roberts wanted to be paid for services performed on appeal, she needed to first seek appointment in the appellate court, and then needed to apply to the appellate court for payment once the appeal was concluded. The juvenile court rejected both of these arguments and allowed the fees.

We have not previously addressed whether appointed counsel in a juvenile proceeding should apply to the juvenile court, or to the appellate court, for payment of services performed on appeal. But before we discuss that issue, we find it necessary to correct the county's assertion that Roberts needed to seek reappointment in the appellate court once the county took an appeal. Our appellate rules make clear that "[t]he attorneys of record and guardians ad litem of the respective parties in the court below shall be deemed the attorneys and guardians ad litem of the same parties in [the appellate] court, until a withdrawal of appearance has been filed" and the procedure for withdrawal has been followed.[66] As such, there is no need for appointed counsel to seek reappointment in the appellate court when a case is appealed.

The question whether counsel appointed in a juvenile proceeding should apply to the juvenile court or to the appellate court for payment of services performed on appeal requires more discussion. We begin with the pertinent statutory language.

Section 43-273 provides that counsel appointed under the juvenile code "shall apply to the court before which the proceedings were had for fees for services performed" and that the court "shall fix reasonable fees." It also provides that once fees are fixed, "[t]he county board of the county wherein the proceedings were had shall allow [fees] in the amount determined by the court."[67]

The language of § 43-273 is somewhat different from the statutory language governing payment of court-appointed

---

[66] Neb. Ct. R. App. P. § 2-101(F)(1) (rev. 2015).

[67] § 43-273.

- 373 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

counsel in criminal cases, which expressly requires that appointed counsel "shall apply to the . . . court which appointed him or her . . . for fees for services performed pursuant to such appointment."[68] Our appellate rules are clear that if a criminal case is appealed, court-appointed counsel may, "after issuance of a mandate by the appellate court, apply *to the appointing court* for an attorney fee regarding services in the appeal."[69] Currently, there is no similar court rule addressing whether court-appointed counsel in a juvenile proceeding should apply to the juvenile court or to the appellate court for services performed when a juvenile proceeding is on appeal.

We understand Washington County to take the position that once a juvenile proceeding is appealed, the appellate court becomes "the court before which the proceedings were had"[70] and appointed counsel must apply to the appellate court for payment of fees for all services performed on appeal. However, were we to construe § 43-273 to require court-appointed counsel to apply to the appellate court, rather than the juvenile court, for payment of legal services performed on appeal, it would cause an absurd result.

Nebraska's appellate courts are located in Lancaster County, and § 43-273 requires that once fees are fixed, "[t]he county board of the county wherein the proceedings were had" is required to allow the claim. As such, construing § 43-273 to require appointed counsel to apply to the appellate court for payment would make Lancaster County responsible for paying all fees fixed for services performed by court-appointed counsel on appeal. An appellate court should try to avoid, if possible, the construction of a statute that would lead to an absurd result.[71]

---

[68] § 29-3905.

[69] Neb. Ct. R. App. P. § 2-109(F) (rev. 2014) (emphasis supplied).

[70] § 43-273.

[71] See *Hotz, supra* note 5.

- 374 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
IN RE CLAIM OF ROBERTS FOR ATTORNEY FEES
Cite as 307 Neb. 346

[18] The more sensible construction of § 43-273 is that "the court before which the proceedings were had" refers to the appointing juvenile court, even if an appeal is taken. We therefore hold that when a juvenile case is appealed, § 43-273 requires appointed counsel to apply to the juvenile court, not the appellate court, for payment of services performed on appeal. The juvenile court here was correct to reject Washington County's suggestion that Roberts must apply to the appellate court for payment of her fees.

Ordinarily, a juvenile court will want to wait for issuance of the appellate mandate before fixing reasonable fees for services on appeal, because that will allow it to fully evaluate the various factors a court is to consider when fixing fees.[72] But on this record, and absent a statute or court rule requiring appointed counsel to wait for the appellate mandate before applying for fees, we cannot find the juvenile court abused its discretion in fixing fees before the appellate mandate issued.

## V. CONCLUSION

For the foregoing reasons, we affirm the fee orders of the juvenile court.

AFFIRMED.

---

[72] See *Rice, supra* note 7 (when fixing fees for court-appointed counsel, courts should consider nature of litigation, time and labor required, novelty and difficulty of questions involved, skill required, responsibility assumed, diligence exhibited, result of suit, standing of attorney, and customary charges for similar services).